ACCEPTED
12-14-00355-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/6/2015 8:22:12 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00355-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/6/2015 8:22:12 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

DONALD POWELL,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL IN CAUSE NUMBER 002-81591-14
FROM THE COUNTY COURT AT LAW #2
OF SMITH COUNTY, TEXAS
HONORABLE RANDALL ROGERS, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
　　Donald Powell

APPELLANT'S TRIAL COUNSEL
　　J. Rex Thompson
　　321 W. Houston
　　Tyler, Texas 75702
　　903-533-8434

APPELLANT'S APPELLATE COUNSEL
　　James Huggler
　　100 E. Ferguson, Suite 805
　　Tyler, Texas 75702
　　903-593-2400
　　903-593-3830 (fax)

APPELLEE
　　The State of Texas

APPELLEE'S TRIAL COUNSEL
　　Jeff Weatherford
　　Josh Raygor
　　Smith County Criminal District Attorney's Office
　　100 N. Broadway, 4th Floor
　　Tyler, Texas 75702
　　903-590-1900

APPELLEE'S APPELLATE COUNSEL
　　Mike West
　　Smith County Criminal District Attorney's Office
　　100 N. Broadway, 4th Floor
　　Tyler, Texas 75702
　　903-590-1900

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    ISSUE ONE: THERE WAS LEGALLY INSUFFICIENT
    EVIDENCE TO FIND APPELLANT GUILTY OF THE
    OFFENSE OF ASSAULT.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B. Elements of the Offense.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . 6
    D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

STATUTES

TEX. PENAL CODE ANN. §1.07(a)(8) (West 2011). . . . . . . . . . . . . . . . . . . . 6

TEX. PENAL CODE ANN. §22.01(a)(1) (West 2011). . . . . . . . . . . . . . . . 1, 2, 6


CASES

Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). . . . . . . . . . . . 8

Fuentes v. State, 991 S.W.2d 267 (Tex. Crim. App. 1999). . . . . . . . . . . 7

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
    61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). . . . . . . 5

Moreno v. State, 755 S.W.2d 866 (Tex. Crim. App. 1988). . . . . . . . . . . 8

Sharp v. State, 707 S.W.2d 611 (Tex. Crim. App. 1986). . . . . . . . . . . . 8

Tibbs v. Florida, 457 U.S. 31, 102 S. Ct. 2211,
    72 L.Ed.2d 652 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Turro v. State, 867 S.W.2d 43 (Tex. Crim. App. 1993). . . . . . . . . . . . . 8

Williams v. State, 235 S.W.3d 742 (Tex. Crim. App. 1993). . . . . . . . . . 8


RULES

TEX. R. APP. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-14-00355-CR

| DONALD POWELL, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Donald Powell ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC.38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was charged in cause number 002-81591-14 with the misdemeanor offense of assault on May 20, 2012. I CR 2.[1] TEX. PENAL CODE ANN. §22.01(a)(1) (West 2011). A jury was selected, and following evidence and argument of counsel found Mr. Powell guilty of assault. I CR

---

[1] The Clerk's Record is designated "CR" with roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

1

32; III-A RR 28.[2]

Following evidence and argument to the trial court, the court assessed a sentence of 60 days confinement in the Smith County Jail and a $1,000 fine. I CR 41-42; IV RR 80. Notice of appeal was timely filed. I CR 36. This brief is timely filed on or before July 6, 2015 following proper extension by this Court.

## ISSUE PRESENTED

Issue One: There was legally insufficient evidence to find Appellant guilty of the offense of assault.

## STATEMENT OF THE FACTS

The State alleged that on May 20, 2012, in Smith County, Donald Powell assaulted Lydia Koonce by striking with hand or hands. I CR 2; Tex. Penal Code Ann. §22.01(a)(1) (West 2011). The State also alleged that the two had a dating relationship. I CR 2. To prove the case, the State called two primary witnesses, Ms. Lydia Koonce the complainant

---

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding "RR" indicating the volume and an arabic numeral following "RR" specifying the correct page. There are two volumes labeled three, for the sake of convenience the afternoon session is referred to in this brief as "III A"

and a nurse by profession, and the responding officer, Deputy Stockwell.

Ms. Koonce testified that during the time alleged, she and Mr. Powell started consuming alcohol at her residence in the afternoon. II RR 164, 222. At the time she was also taking prescription medication for depression which should not be mixed with alcohol. II RR 222. They then continued drinking alcohol later at a bar or club frequented or "owned" by a motorcycle club. II RR 165, 224. They stayed until last call which Ms. Koonce believed was midnight. II RR 167. She then invited a lot of people, at least five or six, back to her home. II RR 167-68, 169. Ms. Koonce was not even sure as to the identity of some of these people. II RR 224.

She did not remember how long she stayed awake, but that she was drinking with others on the patio. II RR 168. Her last memory was everyone sitting on the back porch drinking, talking and carrying on. II RR 170. The next thing she remembered was waking up in her bedroom banged up. II RR 170. She woke up after she had taken her daughter to her ex-husband and met the deputy. II RR 170.

Deputy Stockwell[3] testified that she responded to the gas station, met Ms. Koonce and her former husband, took a statement from her as well as photographs. III RR 9, 12, 15. Following this meeting she contacted Mr. Powell and arrested him. II RR 27-28. A further discussion of the facts is included in the argument section of this brief.

## SUMMARY OF ARGUMENT

There is one issue for this Court to consider. Was the evidence legally sufficient to fin Donald Powell guilty of the assault? There is no doubt that Ms. Koonce was assaulted, the question is by whom was she assaulted?

---

[3] In May 2012, Deputy Jennifer Burkhalter responded to and met Ms. Koonce. Between that time and trial she was married. III RR 43. Because the reporter's record refers to the witness by her married time, for the convenience of the Court, counsel will also do so in this Brief.

# ARGUMENT

## ISSUE ONE, RESTATED: THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF THE OFFENSE OF ASSAULT.

### A. Standard of Review

Appellant contends that the evidence is legally insufficient to support the verdict. The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

## B. Elements of the Offense

A person commits assault if he intentionally, knowingly or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. §22.01(a)(1) (West 2011). Bodily injury means physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. §1.07(a)(8) (West 2011).

## C. Application to These Facts

Ms. Koonce, due to alcohol and prescription medications had almost no recollection of the events in this case. II RR 190, 192, 221-222, 241. She did not remember what she was wearing when she woke up. II RR 171. She did not remember taking her daughter to a gas station, meeting her former husband or meeting the deputy. II RR 171, 172. She only knew that she spoke with the deputy because the prosecutor and her former husband told her that it occurred. II RR 173. She did not recognize a statement made that morning. II RR 175-177, 181, 214. She was unable to recognize her signature. II RR 188, 212. She believes that she made the statement while under the influence of alcohol, and anti-depressant medications, Zoloft and Xanax. II RR 243-245, 242.

Ms. Koonce had previously alerted the District Attorney's Office that

she was unable to remember the events of that evening. II RR 182-183, 205, 232; Def. Exs. 1 and 2, I V RR 43 and 44. She began these efforts as early as August 2012. II RR 227. She did not remember meeting the deputy and was probably still drunk and under the influence of the prescription medications. II RR 227-28.

Ths simple truth is that Ms. Koonce has no recollection of who caused the injuries to her that evening. II RR 226. It could have been from Mr. Powell, anyone else at the house, or some other person. II RR 226.

Deputy Stockwell confirmed that Mr. Powell had injuries, a bite mark or scratch marks, a bruised eye. III RR 29, 30. She also took photographs of Mr. Powell later that morning. III RR 32. Stockwell did not see any defensive wounds on Ms. Koonce. III RR 46. After Stockwell saw the wounds on Powell, she did not attempt to determine if they came from Koonce. III RR 47, 49. Mr. Powell's hands did not have any marks of indications that he had assaulted anyone. III RR 50, 52.

The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe

or disbelieve any portion of the testimony. <u>Sharp v. State</u>, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may also draw reasonable inferences from basic facts to ultimate facts. <u>Clewis v. State</u>, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When faced with conflicting evidence, the appellate court presumes the trier of fact resolved conflicts in the prevailing party's favor. <u>Turro v. State</u>, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). However, the duty of a reviewing court requires ensuring that the evidence presented actually supports a conclusion that the defendant committed the crime charged. <u>Williams v. State</u>, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). An appellate court can not uphold a fact-finder's decision if it is irrational or unsupported by more than a mere modicum of the evidence. <u>Moreno v. State</u>, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

In this case, there is no doubt that Ms. Koonce was assaulted. The State believed that the assault was made by Mr. Powell, despite the lack of evidence on his hands, or the lack of defensive wounds on her hands. Ms. Koonce attempted twice in writing, and other times in telephone calls to communicate the fact that she had no recollection of the events of that night.

## D. Conclusion

This Court should sustain this issue and reverse the judgment of the trial court and render an acquittal to the charge of assault.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the trial court's decision be reversed and judgment of acquittal rendered, and for other such relief as allowed by law.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number
00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR
APPELLANT

9

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by regular mail on this the 6th day of July, 2015.

/s/ James Huggler
James W. Huggler, Jr.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,073 words as counted by Corel WordPerfect version x5.

/s/ James Huggler
James Huggler